## C. J. Meyer, Appellee, v. Correct Motor Fuels Company, Appellant.

Opinion filed July 26, 1929.

J. P. Streuber, for appellant.

D. H. Mudge, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

On December 10, 1927, the appellee was driving an automobile on the hard road leading from Wood River to Edwardsville. The Big Four Railroad crosses the hard road at the foot of what is commonly known in that neighborhood as "Bender Hill." As the appellee was approaching the viaduct at Bender Hill he noticed there were several cars on the hill on the other side of the viaduct. He immediately began to stop his car and stopped with the right-hand wheels off the pavement and within 10 or 15 feet of the first car that was standing on the hill. The hard road was covered with a thin coating of ice and this was the reason for the cars being stalled on the side of the hill. A bus was having difficulty in getting up the hill, holding all the other traffic back of it. After appellee stopped his car, he and his companion, who had been riding with him, remained in the car. Within a short time one of the

appellant's trucks driven by their servant approached the viaduct and collided with the car of the appellee, throwing the car and appellee into a ditch. The car was greatly damaged and plaintiff received injuries for which he started suit in the circuit court of Madison county. Issues were joined and the trial by jury had and a verdict returned for $2,000 in favor of the appellee. After judgment was entered on the verdict the appellant brought the suit to this court on appeal.

It is insisted by the appellant that the evidence does not sustain the verdict and the proximate cause of the injury to plaintiff was the slippery and icy condition of the road and was not caused by the negligence of the servant of the appellant. We are of the opinion the evidence is sufficient to sustain a verdict in the case.

The appellant submitted sixteen instructions, fifteen of them being given. The one marked "refused" the appellant now contends should have been given, and that it was error for the court to refuse to give it. The same principles of law as laid down in the refused instruction are all contained in the other instructions. Instruction No. 11, which was given, contains practically all of the propositions of law as the one which was refused. The other points in the refused instruction were covered by other instructions that were given and the court properly refused to give the instruction.

The appellee testified that at the time of the accident he was working for the White Star Refining Company, and was receiving $5 per day; that as a result of the accident his car was totally demolished; that he was scratched up and bruised; that he had a cut in the corner of his left eye towards his ear and had a sprained left arm; that he could not raise his arm above his shoulders for about 10 days and did not have any strength and it was 15 days before he went back to work, and that if he tried to do any hard work the arm would pain him and that he still suffers some pain from the sprain. There was testimony that the value of the

car before the accident was $150. This was the only testimony in regard to the damage either to the plaintiff or to the car. No physician testified as to the nature, extent or character of the injuries; no medical testimony was produced to support the claim of the physical injuries that the appellee claims he sustained, and no evidence as to the amount of the doctor bills incurred, or paid.

We are of the opinion that the verdict of $2,000 is excessive, and the judgment for that amount should not be sustained. It is therefore ordered by the court that the appellee file a remittitur in said case within 20 days from date of filing this opinion and reduce the amount of said judgment to $1,000, the cost of this appeal to be equally divided between the appellant and the appellee. If such remittitur is not filed within 20 days, then the judgment of the circuit court of Madison county to be reversed and the case remanded.

*Affirmed on remittitur; otherwise reversed and remanded.*